1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SAGI MUKATIN,

10              Plaintiff,

11     v.

12  R. HESSELTINE, et al.,

13              Defendants.

14  _____/

CASE NO. 1:05-CV-00324-AWI-SMS-P

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS

(Doc. 1)

15  I.      Screening Order

16          A.      Screening Requirement

17          Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2005.

19          The court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

21  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

24  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

27          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

1    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

2    U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

3    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

4    standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

5    Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

6    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

7    U.S. 411, 421 (1969).

8            B.      Summary of Plaintiff's Complaint

9            The events at issue in the instant action allegedly occurred at the California Substance Abuse

10   Treatment Facility and State Prison-Corcoran (CSATF) and Pleasant Valley State Prison.  Plaintiff

11   names Correctional Officers Hesseltine, R. Redding, B. Deathradge, R. W. Rhodes, G. Del Vecchio,

12   S. Pena, Don Clark, L. Mayfield, Earl Tripp, Gabe Viruetta, Parks, and Aguilar; Lieutenants T.

13   Harris, R. Fisher, Sal Moncayo, J. Saunders, P. Villalobos, and B. Horton; Warden James Yates;

14   California Department of Corrections Director Jeanne S. Woodford;[1] Sergeants Berry Cake, S.

15   Hinshaw, and Curtis; Medical Technical Assistants Nelda Moore, W. Palmer, and John Torres; and

16   Litigation Officer R. Shannon as defendants.[2]  Plaintiff is seeking money damages and injunctive

17   relief.

18          Plaintiff's allegations are lengthy and somewhat difficult to follow.  In addition, plaintiff sets

19   forth multiple claims which are often intertwined.  Therefore, in the sections that follow, the court

20   shall summarize plaintiff's allegations as much as practicable and then set forth what appear to be

21   plaintiff's claims, separated by prison.

22   ///

23

24          [1] Identified as "S. Woodford" in the complaint.

25          [2] In addition, plaintiff lists Corley as a defendant in the caption of the complaint, but fails to include Corley
26   in the section entitled "Parties."  Further, in the body of the complaint, plaintiff describes Meadors, Dulay, and
     Gutierrez as defendants.  However, these individuals are not listed in the caption or in the section entitled "Parties."
27   Plaintiff is responsible for fully and completely identifying the parties to this action.  The defendants listed in the
     caption should be the same as the defendants listed in the section entitled "Defendants," and if plaintiff intends to
28   pursue claims against staff discussed in the body of the complaint, those staff members should be identified as
     defendants in the caption and in the section entitled "Defendants."

1      C.     Events at CSATF

2          In his complaint, plaintiff alleges that he is a mental health patient subject to the <u>Coleman</u>

3   consent decree, and is under the care of a psychologist/psychiatrist and on medication.  Plaintiff

4   alleges that on January 12, 2002, defendant Clark took items from plaintiff's quarterly package that

5   had been purchased by plaintiff's family and sent to him.  Plaintiff alleges the items were confiscated

6   as contraband for use in settling other inmates' appeals concerning their confiscated property.  After

7   plaintiff objected and demanded that defendant stop taking items, defendant called plaintiff, who is

8   an Israeli, a terrorist piece of shit, due to the September 11, 2001, World Trade Center bombing.

9   Plaintiff told defendant Clark that this was racial discrimination, slander, and defamation of

10  character, and demanded to see a sergeant.

11         Plaintiff alleges that defendants Clark, Torres, and Del Vecchio conspired to assault and

12  batter him.  Plaintiff alleges that he was rushed, thrown to the concrete floor, and placed in a choke-

13  hold, with defendants' knees in his lower back.  Plaintiff alleges that he suffered severe head and

14  face pain.

15         Plaintiff alleges that during the incident, defendant Torres fell underneath plaintiff and after

16  plaintiff stated he was going to sue them for assault and battery and taking his property, defendants

17  Clark, Torres, and Del Vecchio conspired with defendants Cake, Hinshaw, Moncayo, Saunders,

18  Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, and Torres to charge him with assault and

19  battery on a peace officer via a CDC-115 Rules Violation Report.

20         Plaintiff alleges that because assault and battery on a peace officer is a crime referable for

21  criminal prosecution, defendants were required to read him his <u>Miranda</u> rights.  Plaintiff further

22  alleges that as a participant in the Mental Health Program, he was entitled to have a

23  psychiatrist/psychologist present at all times to protect his rights.  Plaintiff alleges that in retaliation

24  against him for being an Israeli immigrant, defendants Moore, Dulay, and Palmer conspired with

25  defendants Meadors, Rhodes, Del Vecchio, Cake, Torres, Clark, and Gutierrez to file false medical

26  reports after the incident, which stated that plaintiff suffered no injuries but defendants were injured.

27  Plaintiff alleges that he was criminally charged and coerced into accepting a plea agreement with the

28  ///

3

Kings County District Attorney's Office.  Plaintiff alleges that as a result of the false charges and subsequent plea agreement, he was transferred to Pleasant Valley State Prison.

        1.    <u>Section 1983 Claims</u>

        a.    <u>Due Process Claim - Property Deprivation</u>

Plaintiff alleges that the theft of items from his quarterly package violated his due process rights.  The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).

The theft of plaintiff's property does not give rise to a cognizable claim for relief under section 1983 for violation of the Due Process Clause, as such an act is unauthorized.

        b.    <u>Excessive Force Claim</u>

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  <u>Hudson</u>, 503 U.S. at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  <u>Id</u>.

///

4

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Clark, Del Vecchio, and Torres for use of excessive force, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, although plaintiff alleges toward the end of his complaint that defendants Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, Tripp, Aguilar, Parks, Viruetta, Horton, and Curtis also violated his Eighth Amendment rights with respect to the use of force, plaintiff has alleged no facts that support a claim that any of these defendants were involved in the use of force against him. (Comp., ¶ 37, 61.) Rather, plaintiff alleges that they were involved in the decision to falsely charge him with battery on a peace officer after the incident. (Id., ¶ 38.) Their alleged involvement in the events after the beating do not provide any basis upon which to impose liability on them for use of excessive force.

c.   Miranda Claim

Plaintiff alleges that defendants failed to read him his Miranda rights. It is not entirely clear if plaintiff is attempting to pursue a Fifth Amendment claim for relief under section 1983 based on the alleged Miranda violation. The Fifth Amendment protects a person from being compelled to be a witness against himself in a criminal case. U.S. Const. amend. V. Custodial interrogations must

be preceded by a <u>Miranda</u> warning.[3]  Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).  In contrast to custodial interrogation, general on-the-scene questioning as to facts surrounding a crime does not require a <u>Miranda</u> warning.  <u>Id</u>. at 477; <u>Cervantes v. Walker</u>, 589 F.2d 424, 427 (9th Cir. 1979).  Investigatory questioning inside a prison does not always require a <u>Miranda</u> warning. <u>Cervantes</u> at 427 (rejecting the proposition that any interrogation during prison confinement constitutes custodial interrogation requiring <u>Miranda</u> warnings); <u>United States v. Turner</u>, 28 F.3d 981, 983 (9th Cir. 1994).

To the extent that plaintiff is attempting to pursue such a claim, it appears from plaintiff's allegations that after he was charged with a rules violation for battery on a peace officer, criminal charges were brought against him and he accepted a plea.  Plaintiff may be able to state a claim for relief for violation of his rights based on the failure read him his <u>Miranda</u> rights.  However, it is not clear when the questioning plaintiff complains of occurred, who questioned plaintiff, and who allegedly failed to read him his rights.  Plaintiff names numerous defendants in this action and then generally alleges that "defendants" failed to read him his rights.  This is insufficient to state a claim under section 1983.

### d.   Claim Based on False Charges and False Reports

It is unclear whether plaintiff is attempting to pursue a claim for relief under section 1983 against defendants Clark, Torres, Del Vecchio, Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, and Torres based on the allegedly false disciplinary charges brought against plaintiff and the allegedly false reports used to support the disciplinary charges.  To the extent that he is, because plaintiff's exhibits establish that he lost time credits as a result of the disciplinary violation, plaintiff may not pursue a claim for relief under section 1983 until such time

---

[3] In <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966), the Supreme Court stated that, "[p]rior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney . . . ."  The purpose of these procedural safeguards, which became known as the <u>Miranda</u> warning, is to secure the Fifth Amendment privilege against self-incrimination.  <u>Id</u>.

as plaintiff has invalidated the result of the disciplinary hearing. Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). (Comp., Exhibit A, p. 17.) Further, with respect to the criminal charges that plaintiff pled to, any such challenge must be brought via a petition for writ of habeas corpus. See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

> e.    Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

To the extent that plaintiff is attempting to pursue an equal protection claim based on racial discrimination, plaintiff has not alleged sufficient facts to give rise to a claim for relief for violation of the Equal Protection Clause.

> f.    Defamation and Verbal Abuse

Plaintiff allegations that he was called names because he is an Israeli immigrant do not give rise to any claims for relief under section 1983. Reputation alone does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause, and something more than simple defamation by a state official must be involved to establish a claim under § 1983. Paul v. Davis, 424 U.S. 693, 701 (1976). Further, verbal harassment or abuse alone

1   is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, <u>Oltarzewski v.</u>

2   <u>Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional

3   violation.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

4   g.   <u>Conspiracy</u>

5   Plaintiff's complaint is peppered with allegations of conspiracy.  In the context of conspiracy

6   claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the

7   existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791,

8   794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir.

9   1988).  The allegation that defendants conspired is a legal conclusion.  Plaintiff has not alleged any

10  facts that support a claim that defendants entered into a conspiracy.  Accordingly, plaintiff fails to

11  state a claim upon which relief may be granted under section 1983 for conspiracy.

12  h.   <u>Retaliation</u>

13  Although plaintiff describes certain actions as retaliatory in nature, plaintiff has alleged no

14  facts that give rise to a cognizable retaliation claim.  In the event that plaintiff chooses to file an

15  amended complaint, plaintiff is advised that allegations of retaliation against a prisoner's First

16  Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo</u>

17  <u>v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135

18  (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a

19  viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state

20  actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

21  and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

22  action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d

23  559, 567-68 (9th Cir. 2005).

24  2.   <u>RICO Claim</u>

25  Plaintiff alleges generally that the confiscation of his personal property for use in settling

26  other inmates' appeals concerning their property confiscation violated the RICO Act. The Racketeer

27  Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, allows a private citizen

28  to sue to recover treble damages for injury "by reason of a violation of section 1962," which

1   prohibits conducting or participating in the conduct of an enterprise "through a pattern of

2   racketeering activity." 18 U.S.C. §§ 1964(c), 1962.  "A violation of section 1962(c) . . . requires (1)

3   conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S. P. R. L.

4   v. Imrex, Co., Inc., 473 U.S. 479, 496 (1985).  Plaintiff has alleged no facts that support the

5   existence of a RICO claim.  The conclusory allegation that defendants violated RICO is insufficient.

6                      3.   State Law Claim - Defamation, Libel, and Slander

7           Plaintiff alleges tort claims for defamation, libel, and slander, in violation of California Civil

8   Code sections 44, 45, and 46.  Section 44 provides that defamation is effected by libel or slander.

9   Cal. Civ. Code § 44 (West 2005).  Section 45 defines libel, while section 46 defines slander.  Libel

10  is a false, *unprivileged* written publication which exposes plaintiff to hatred, contempt, ridicule, or

11  obloquy; causes him to be shunned or avoided; or tends to injure him in his occupation.  Cal. Civ.

12  Code § 45 (West 2005) (emphasis added).  Slander, in relevant part, is a false, *unprivileged* oral

13  publication which charges any person with crime, or with having been indicted, convicted, or

14  punished form crime.  Cal. Civ. Code § 46 (West 2005) (emphasis added).

15          First, the California Tort Claims Act requires that tort claims against a public entities or its

16  employees be presented to the State Board of Control no more than six months after the cause of

17  action accrues.  Cal. Gov't Code §§ 905.2, 945.4, 950-950.6.  To state a tort claim against a public

18  employee, the plaintiff must allege compliance with the Tort Claims Act.  Mangold v. California

19  Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145

20  Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS

21  PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).  Plaintiff has not alleged compliance with the Tort

22  Claims Act and therefore fails to state any cognizable tort claims against defendants under California

23  law.

24          Further, assuming that plaintiff did exhaust his tort claim, plaintiff fails to articulate the basis

25  for his defamation claims.  Under California law, the "defamatory statement must be specifically

26  identified, and the plaintiff must plead the substance of the statement." Jacobson v. Schwarzenegger,

27  357 F.Supp.2d 1198, 1216 (C.D.Cal. 2004).  Presumably, the statements at issue relate to plaintiff's

28  disciplinary violation and subsequent criminal charge.  As such, the statements are privileged and

1  not subject to a claim for defamation.  Cal Civ. Code 47(b) (West 2005); Mulder v. Pilot Air Freight,

2  81 P.3d 264, 266 (2004); In re Peck, 295 B.R. 353, 362 (9th Cir. 2003).  Accordingly, plaintiff may

3  not state a claim for relief under California law against defendants for defamation.

4          D.     Events at Pleasant Valley

5         Plaintiff alleges that his religion requires a kosher diet and after he was transferred to

6  Pleasant Valley, he was prohibited and restricted from practicing his religion with respect to this diet.

7  Plaintiff alleges also that on November 10, 2004, defendants Hesseltine, Harris, Redding, Corley,

8  Deathradge, and Fisher conspired to deprive plaintiff of his confidential legal mail, sent to him by

9  his defense attorney, James B. Oliver.  Plaintiff alleges that Oliver mailed plaintiff his file from the

10  criminal case against him, including twenty photographs of the defendants who beat plaintiff, and

11  defendants opened the mail outside of his presence and stole the photographs and the transcripts of

12  the state court proceedings.  Plaintiff alleges that the theft interfered with his ability to pursue his

13  habeas petition.  Plaintiff alleges that defendant Shannon is interfering with his right of access to the

14  courts by screening out his appeals, which prevents him from exhausting in compliance with the

15  Prison Litigation Reform Act.

16          a.     Mail Theft

17           1)    First Amendment Claim

18         Plaintiff alleges that defendants violated his First Amendment rights by opening mail from

19  his criminal defense attorney outside of his presence.  Prison officials may, consistent with the First

20  Amendment, open mail from attorneys in the presence of the prisoner for visual inspection.  See

21  Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th

22  Cir. 1981).  The issue of whether or not prison officials may also open and visually inspect mail from

23  attorneys outside the presence of the prisoner is an open question.  Sherman, 656 F.2d at 528.

24  Accordingly, the court finds that plaintiff's allegations give rise to a claim for relief under section

25  1983 against defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher.  Fed. R. Civ.

26  P. 8(a); Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754;

27  Galbraith, 307 F.3d at 1125-26.

28  ///

1                               2)      <u>Takings Claim/Due Process Claim</u>

2        Plaintiff also alleges that defendants confiscation of the transcripts and photographs from his

3 legal mail violated the Takings Clause.  The Takings Clause of the Fifth Amendment "limits the

4 government's ability to confiscate property without paying for it, and "is designed to bar Government

5 from forcing some people alone to bear public burdens which, in all fairness and justice, should be

6 borne by the public as a whole."  <u>Vance v. Barrett</u>, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal

7 quotations and citation omitted).  The unauthorized theft of plaintiff transcripts and photographs by

8 defendants does not give rise to a claim for relief under the Takings Clause.  <u>Id</u>. at 1089-90.

9 Although plaintiff does not specifically allege a due process claim, the unauthorized theft also would

10 not give rise to a due process claim.  <u>Hudson</u>, 468 U.S. at 533.

11                               3)      <u>Access to the Courts</u>

12        Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>, 518

13 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate

14 wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.

15 <u>Id</u>. at 354.  The State is not required to enable the inmate to discover grievances or to litigate

16 effectively once in court.  <u>Id</u>.  An inmate claiming interference with or denial of access to the courts

17 must show that he suffered an actual injury.  <u>Id</u>. at 351.

18        Plaintiff's allegation that he was unable to pursue his habeas petition due to the theft of his

19 state court transcripts and photographs is sufficient to give rise to a claim for relief against

20 defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for denial of access to the

21 courts. Fed. R. Civ. P. 8(a); <u>Swierkiewicz</u>, 534 U.S. at 512-15; <u>Austin</u>, 367 F.3d at 1171; <u>Jackson</u>,

22 353 F.3d at 754; <u>Galbraith</u>, 307 F.3d at 1125-26.

23                             b.      <u>Free Exercise Claim</u>

24        Plaintiff alleges that the failure to provide him with a kosher diet interfered with the exercise

25 of his religion.  The First Amendment to the United States Constitution provides that Congress shall

26 make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S.

27 Const., amend. I.  The United States Supreme Court has held that prisoners retain their First

28 Amendment rights, including the right to free exercise of religion.  <u>O'Lone v. Estate of Shabazz</u>, 482

U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).

"Inmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). Therefore, it is possible that the denial of meals that comport with plaintiff's religious beliefs may give rise to a free exercise claim. However, plaintiff's vague allegations are insufficient to state a claim for relief against defendants Yates and Shannon, the two defendants plaintiff alleges violated his rights. Plaintiff sets forth no allegations linking any specific acts or omissions of either defendant to the denial of an adequate religious diet.[4]

c.   Inmate Appeals Process - Access to the Court Claim

With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing

---

[4] The court has reviewed plaintiff's inmate appeal of this issue and to the extent that plaintiff is seeking to impose liability on Yates and Shannon based on their involvement in resolving his appeal, the appeal does not support a finding that they were involved. (Exhibit G.) Defendant Shannon's name does not appear on the appeal and other personnel signed on behalf of defendant Yates. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

1    is not an available remedy).  Accordingly, plaintiff's allegations concerning his attempts to utilize

2    the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of

3    access to the courts.

4              E.    Conclusion

5              The court finds that plaintiff's complaint contains cognizable claims for relief against

6    defendants Clark, Del Vecchio, and Torres for use of excessive force, and defendants Hesseltine,

7    Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail

8    and for denial of access to the courts.  However, the court finds that plaintiff's complaint does not

9    contain any other claims upon which relief may be granted under section 1983, under the RICO Act,

10   or under state law for defamation.  The court will provide plaintiff with the opportunity to file an

11   amended complaint, if plaintiff wishes to do so.

12             If plaintiff does not wish to file an amended complaint and wishes to proceed against

13   defendants Clark, Del Vecchio, and Torres for use of excessive force, and defendants Hesseltine,

14   Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail

15   and for denial of access to the courts, plaintiff may so notify the court in writing.  The court will then

16   issue Findings and Recommendations recommending that the remaining claims and defendants be

17   dismissed from this action, and will forward plaintiff nine summonses and nine USM-285 forms to

18   fill out and return to the court.  Upon receipt of these documents, the court will direct the United

19   States Marshal to initiate service of process on defendants Clark, Del Vecchio, Torres, Hesseltine,

20   Harris, Redding, Corley, Deathradge, and Fisher.

21             In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

22   15-220 requires that an amended complaint be complete in itself without reference to any prior

23   pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

24   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26   original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

27             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

625 F.2d 227 (9th Cir. 1980).   The complaint must allege in specific terms how each named defendant is involved.   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.   <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Further, plaintiff's amended complaint must comply with Rule 8, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct."   Fed. R. Civ. Pro. 8.   Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.   <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).   Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."   <u>Id</u>. at 47.

Plaintiff's complaint filed on March 8, 2005, did not comply with Rule 8 and the court expended a significant amount of time screening plaintiff's complaint.   It is plaintiff's duty to file a pleading that comports with the Federal Rules of Civil Procedure.   If plaintiff again files a complaint that does not comply with Rule 8, the complaint will be ordered stricken from the record.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:

  a.     File an amended complaint curing the deficiencies identified by the court in this order, or

  b.     Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Clark, Del Vecchio, and Torres for use of excessive force, and defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts; and

///

14

3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to

obey a court order.


IT IS SO ORDERED.

**Dated:    November 17, 2005**              _____/s/ Sandra M. Snyder_____
icido3                                       UNITED STATES MAGISTRATE JUDGE

15