UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN,<br><br>              Plaintiff,<br><br>   v.<br><br>R. HESSELTINE, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:05-CV-00324-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 8) |

      Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 7, 2005, plaintiff filed a motion seeking preliminary injunctive relief. Plaintiff seeks an order prohibiting physical, mental, and emotional abuse; threats of bodily harm; property damage and destruction; confidentiality breaches with respect to mail; and denial of medical treatment.[1]

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

---

[1] Plaintiff also asks for money damages. Money damages is a form of relief separate and distinct from equitable relief, and cannot be sought via a motion for preliminary injunctive relief. Further, there is no provision for the "premature" award of damages prior to adjudication of the suit.

1

Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In an order issued concurrently with this Findings and Recommendations, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable claims. In the order, the court found that the only cognizable claims set forth in the complaint are plaintiff's excessive force claim against defendants Clark, Del Vecchio, and Torres, and plaintiff's mail theft and access to the courts claims against defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher. The cognizable claims stem from distinct incidents that occurred in the past rather than ongoing violations. The issuance of the order sought by plaintiff in his motion would not remedy any of these claims. Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief, filed June 7, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  **Dated:     November 17, 2005**              /s/ Sandra M. Snyder
   icido3                                         UNITED STATES MAGISTRATE JUDGE