# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. HESSELTINE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00324-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS, WITHOUT PREJUDICE<br><br>(Doc. 1) |

I.　Findings and Recommendations Following Screening of Complaint

　　A.　Procedural History

Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2005. On November 21, 2005, the court screened plaintiff's complaint and found that it contains cognizable claims for relief against defendants Clark, Del Vecchio, and Torres for use of excessive force, and defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts. (Doc. 10.) However, the court found that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983, under the RICO Act, or under state law for defamation. (Id.) The court ordered plaintiff to either file an amended complaint or notify the court that he is willing to proceed only on the claims found to be cognizable. (Id.) On December 9, 2005, plaintiff filed a notice stating that he wishes to proceed with his cognizable claims. (Doc. 13.) Based on plaintiff's notice, this Findings and Recommendations now issues.

B. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

C. <u>Summary of Plaintiff's Complaint</u>

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran (CSATF) and Pleasant Valley State Prison. Plaintiff is seeking money damages and injunctive relief. Plaintiff names Correctional Officers Hesseltine, R. Redding, B. Deathradge, R. W. Rhodes, G. Del Vecchio, S. Pena, Don Clark, L. Mayfield, Earl Tripp, Gabe Viruetta, Parks, and Aguilar; Lieutenants T. Harris, R. Fisher, Sal Moncayo, J. Saunders, P. Villalobos, and B. Horton; Warden James Yates; California Department of Corrections Director Jeanne S. Woodford;[1] Sergeants Berry Cake, S. Hinshaw, and Curtis; Medical Technical

---

[1] Identified as "S. Woodford" in the complaint.

Assistants Nelda Moore, W. Palmer, and John Torres; and Litigation Officer R. Shannon as defendants. In addition, plaintiff lists Corley as a defendant in the caption of the complaint, but fails to include Corley in the section entitled "Parties." Further, in the body of the complaint, plaintiff describes Meadors, Dulay, and Gutierrez as defendants. However, these individuals are not listed in the caption or in the section entitled "Parties."

Plaintiff's allegations are lengthy and somewhat difficult to follow. In addition, plaintiff sets forth multiple claims which are often intertwined. Therefore, in the sections that follow, the court shall summarize plaintiff's allegations as much as practicable and then set forth what appear to be plaintiff's claims, separated by prison.

D.   Events at CSATF

In his complaint, plaintiff alleges that he is a mental health patient subject to the Coleman consent decree, and is under the care of a psychologist/psychiatrist and on medication. Plaintiff alleges that on January 12, 2002, defendant Clark took items from plaintiff's quarterly package that had been purchased by plaintiff's family and sent to him. Plaintiff alleges the items were confiscated as contraband for use in settling other inmates' appeals concerning their confiscated property. After plaintiff objected and demanded that defendant stop taking items, defendant called plaintiff, who is an Israeli, a terrorist piece of shit, due to the September 11, 2001, World Trade Center bombing. Plaintiff told defendant Clark that this was racial discrimination, slander, and defamation of character, and demanded to see a sergeant.

Plaintiff alleges that defendants Clark, Torres, and Del Vecchio conspired to assault and batter him. Plaintiff alleges that he was rushed, thrown to the concrete floor, and placed in a choke-hold, with defendants' knees in his lower back. Plaintiff alleges that he suffered severe head and face pain.

Plaintiff alleges that during the incident, defendant Torres fell underneath plaintiff and after plaintiff stated he was going to sue them for assault and battery and taking his property, defendants Clark, Torres, and Del Vecchio conspired with defendants Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, and Torres to charge him with assault and battery on a peace officer via a CDC-115 Rules Violation Report.

3

Plaintiff alleges that because assault and battery on a peace officer is a crime referable for criminal prosecution, defendants were required to read him his Miranda rights. Plaintiff further alleges that as a participant in the Mental Health Program, he was entitled to have a psychiatrist/psychologist present at all times to protect his rights. Plaintiff alleges that in retaliation against him for being an Israeli immigrant, defendants Moore, Dulay, and Palmer conspired with defendants Meadors, Rhodes, Del Vecchio, Cake, Torres, Clark, and Gutierrez to file false medical reports after the incident, which stated that plaintiff suffered no injuries but defendants were injured. Plaintiff alleges that he was criminally charged and coerced into accepting a plea agreement with the Kings County District Attorney's Office. Plaintiff alleges that as a result of the false charges and subsequent plea agreement, he was transferred to Pleasant Valley State Prison.

1.  Section 1983 Claims

    a.  Due Process Claim - Property Deprivation

Plaintiff alleges that the theft of items from his quarterly package violated his due process rights. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The theft of plaintiff's property does not give rise to a cognizable claim for relief under section 1983 for violation of the Due Process Clause, as such an act is unauthorized.

    b.  Excessive Force Claim

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

4

and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Clark, Del Vecchio, and Torres for use of excessive force, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, although plaintiff alleges toward the end of his complaint that defendants Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, Tripp, Aguilar, Parks, Viruetta, Horton, and Curtis also violated his Eighth Amendment rights with respect to the use of force, plaintiff has alleged no facts that support a claim that any of these defendants were involved in the use of force against him. (Comp., ¶ 37, 61.) Rather, plaintiff alleges that they were involved in the decision to falsely charge him with battery on a peace officer after the incident. (Id., ¶ 38.) Their alleged involvement in the events after the beating do not provide any basis upon which to impose liability on them for use of excessive force.

///

        c.       Miranda Claim

Plaintiff alleges that defendants failed to read him his Miranda rights. It is not entirely clear if plaintiff is attempting to pursue a Fifth Amendment claim for relief under section 1983 based on the alleged Miranda violation. The Fifth Amendment protects a person from being compelled to be a witness against himself in a criminal case. U.S. Const. amend. V. Custodial interrogations must be preceded by a Miranda warning.[2] Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). In contrast to custodial interrogation, general on-the-scene questioning as to facts surrounding a crime does not require a Miranda warning. Id. at 477; Cervantes v. Walker, 589 F.2d 424, 427 (9th Cir. 1979). Investigatory questioning inside a prison does not always require a Miranda warning. Cervantes at 427 (rejecting the proposition that any interrogation during prison confinement constitutes custodial interrogation requiring Miranda warnings); United States v. Turner, 28 F.3d 981, 983 (9th Cir. 1994).

To the extent that plaintiff is attempting to pursue such a claim, it appears from plaintiff's allegations that after he was charged with a rules violation for battery on a peace officer, criminal charges were brought against him and he accepted a plea. Plaintiff may be able to state a claim for relief for violation of his rights based on the failure read him his Miranda rights. However, it is not clear when the questioning plaintiff complains of occurred, who questioned plaintiff, and who allegedly failed to read him his rights. Plaintiff names numerous defendants in this action and then generally alleges that "defendants" failed to read him his rights. This is insufficient to state a claim under section 1983.

///

///

---

[2] In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court stated that, "[p]rior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney . . . ." The purpose of these procedural safeguards, which became known as the Miranda warning, is to secure the Fifth Amendment privilege against self-incrimination. Id.

d.     Claim Based on False Charges and False Reports

It is unclear whether plaintiff is attempting to pursue a claim for relief under section 1983 against defendants Clark, Torres, Del Vecchio, Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, and Torres based on the allegedly false disciplinary charges brought against plaintiff and the allegedly false reports used to support the disciplinary charges. To the extent that he is, because plaintiff's exhibits establish that he lost time credits as a result of the disciplinary violation, plaintiff may not pursue a claim for relief under section 1983 until such time as plaintiff has invalidated the result of the disciplinary hearing. Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). (Comp., Exhibit A, p. 17.) Further, with respect to the criminal charges that plaintiff pled to, any such challenge must be brought via a petition for writ of habeas corpus. See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

e.     Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

///

///

1    To the extent that plaintiff is attempting to pursue an equal protection claim based on racial
2 discrimination, plaintiff has not alleged sufficient facts to give rise to a claim for relief for violation
3 of the Equal Protection Clause.

    f.  <u>Defamation and Verbal Abuse</u>

5    Plaintiff's allegations that he was called names because he is an Israeli immigrant do not give
6 rise to any claims for relief under section 1983. Reputation alone does not implicate any "liberty"
7 or "property" interests sufficient to invoke the procedural protection of the due process clause, and
8 something more than simple defamation by a state official must be involved to establish a claim
9 under § 1983. <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976). Further, verbal harassment or abuse alone
10 is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, <u>Oltarzewski v.
11 Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional
12 violation. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

    g.  <u>Conspiracy</u>

14    Plaintiff's complaint is peppered with allegations of conspiracy. In the context of conspiracy
15 claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the
16 existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791,
17 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir.
18 1988). The allegation that defendants conspired is a legal conclusion. Plaintiff has not alleged any
19 facts that support a claim that defendants entered into a conspiracy. Accordingly, plaintiff fails to
20 state a claim upon which relief may be granted under section 1983 for conspiracy.

    h.  <u>Retaliation</u>

22    Although plaintiff describes certain actions as retaliatory in nature, plaintiff has alleged no
23 facts that give rise to a cognizable retaliation claim. In the event that plaintiff chooses to file an
24 amended complaint, plaintiff is advised that allegations of retaliation against a prisoner's First
25 Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo
26 v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> also <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135
27 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a
28 viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state

actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 2. RICO Claim

Plaintiff alleges generally that the confiscation of his personal property for use in settling other inmates' appeals concerning their property confiscation violated the RICO Act. The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962," which prohibits conducting or participating in the conduct of an enterprise "through a pattern of racketeering activity." 18 U.S.C. §§ 1964(c), 1962. "A violation of section 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S. P. R. L. v. Imrex, Co., Inc., 473 U.S. 479, 496 (1985). Plaintiff has alleged no facts that support the existence of a RICO claim. The conclusory allegation that defendants violated RICO is insufficient.

### 3. State Law Claim - Defamation, Libel, and Slander

Plaintiff alleges tort claims for defamation, libel, and slander, in violation of California Civil Code sections 44, 45, and 46. Section 44 provides that defamation is effected by libel or slander. Cal. Civ. Code § 44 (West 2005). Section 45 defines libel, while section 46 defines slander. Libel is a false, *unprivileged* written publication which exposes plaintiff to hatred, contempt, ridicule, or obloquy; causes him to be shunned or avoided; or tends to injure him in his occupation. Cal. Civ. Code § 45 (West 2005) (emphasis added). Slander, in relevant part, is a false, *unprivileged* oral publication which charges any person with crime, or with having been indicted, convicted, or punished form crime. Cal. Civ. Code § 46 (West 2005) (emphasis added).

First, the California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145

Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); <u>McQuoid v. Rubin</u>, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state any cognizable tort claims against defendants under California law.

Further, assuming that plaintiff did exhaust his tort claim, plaintiff fails to articulate the basis for his defamation claims. Under California law, the "defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." <u>Jacobson v. Schwarzenegger</u>, 357 F.Supp.2d 1198, 1216 (C.D.Cal. 2004). Presumably, the statements at issue relate to plaintiff's disciplinary violation and subsequent criminal charge. As such, the statements are privileged and not subject to a claim for defamation. Cal Civ. Code 47(b) (West 2005); <u>Mulder v. Pilot Air Freight</u>, 81 P.3d 264, 266 (2004); <u>In re Peck</u>, 295 B.R. 353, 362 (9th Cir. 2003). Accordingly, plaintiff may not state a claim for relief under California law against defendants for defamation.

E. <u>Events at Pleasant Valley</u>

Plaintiff alleges that his religion requires a kosher diet and after he was transferred to Pleasant Valley, he was prohibited and restricted from practicing his religion with respect to this diet. Plaintiff also alleges that on November 10, 2004, defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher conspired to deprive plaintiff of his confidential legal mail, sent to him by his defense attorney, James B. Oliver. Plaintiff alleges that Oliver mailed plaintiff his file from the criminal case against him, including twenty photographs of the defendants who beat plaintiff, and defendants opened the mail outside of his presence and stole the photographs and the transcripts of the state court proceedings. Plaintiff alleges that the theft interfered with his ability to pursue his habeas petition. Plaintiff alleges that defendant Shannon is interfering with his right of access to the courts by screening out his appeals, which prevents him from exhausting in compliance with the Prison Litigation Reform Act.

1. <u>Mail Theft</u>

a. <u>First Amendment Claim</u>

Plaintiff alleges that defendants violated his First Amendment rights by opening mail from his criminal defense attorney outside of his presence. Prison officials may, consistent with the First

1  Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See
2  Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th
3  Cir. 1981). The issue of whether or not prison officials may also open and visually inspect mail from
4  attorneys outside the presence of the prisoner is an open question. Sherman, 656 F.2d at 528.
5  Accordingly, the court finds that plaintiff's allegations give rise to a claim for relief under section
6  1983 against defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher. Fed. R. Civ.
7  P. 8(a); Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754;
8  Galbraith, 307 F.3d at 1125-26.

9              b.    Takings Claim/Due Process Claim

10     Plaintiff also alleges that defendants confiscation of the transcripts and photographs from his
11  legal mail violated the Takings Clause. The Takings Clause of the Fifth Amendment "limits the
12  government's ability to confiscate property without paying for it, and "is designed to bar Government
13  from forcing some people alone to bear public burdens which, in all fairness and justice, should be
14  borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal
15  quotations and citation omitted). The unauthorized theft of plaintiff's transcripts and photographs
16  by defendants does not give rise to a claim for relief under the Takings Clause. Id. at 1089-90.
17  Although plaintiff does not specifically allege a due process claim, the unauthorized theft also would
18  not give rise to a due process claim. Hudson, 468 U.S. at 533.

19              c.    Access to the Courts

20     Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
21  U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate
22  wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.
23  Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate
24  effectively once in court. Id. An inmate claiming interference with or denial of access to the courts
25  must show that he suffered an actual injury. Id. at 351.

26     Plaintiff's allegation that he was unable to pursue his habeas petition due to the theft of his
27  state court transcripts and photographs is sufficient to give rise to a claim for relief against
28  defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for denial of access to the

courts. Fed. R. Civ. P. 8(a); Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith, 307 F.3d at 1125-26.

### 2. Free Exercise Claim

Plaintiff alleges that the failure to provide him with a kosher diet interfered with the exercise of his religion. The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).

"Inmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). Therefore, it is possible that the denial of meals that comport with plaintiff's religious beliefs may give rise to a free exercise claim. However, plaintiff's vague allegations are insufficient to state a claim for relief against defendants Yates and Shannon, the two defendants plaintiff alleges violated his rights. Plaintiff sets forth no allegations linking any specific acts or omissions of either defendant to the denial of an adequate religious diet.[3]

### 3. Inmate Appeals Process - Access to the Court Claim

With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a

---

[3] The court has reviewed plaintiff's inmate appeal of this issue and to the extent that plaintiff is seeking to impose liability on Yates and Shannon based on their involvement in resolving his appeal, the appeal does not support a finding that they were involved. (Exhibit G.) Defendant Shannon's name does not appear on the appeal and other personnel signed on behalf of defendant Yates. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

cognizable access to the courts claim only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Accordingly, plaintiff's allegations concerning his attempts to utilize the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of access to the courts.

### F.  Conclusion

The court finds that plaintiff's complaint contains cognizable claims for relief against defendants Clark, Del Vecchio, and Torres for use of excessive force, and defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983, under the RICO Act, or under state law for defamation. Plaintiff was provided with the opportunity to file an amended complaint, but plaintiff opted to proceed only on his cognizable claims.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint filed March 8, 2005 against defendants Clark, Del Vecchio, and Torres for use of excessive force, and against defendants Hesseltine, Harris, Redding, Corley, Deathradge, and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts;

2. The following claims be dismissed, without prejudice, for failure to state a claim upon which relief may be granted:

   a. Plaintiff's claim based on deprivation of property without due process;

///

       b.      Plaintiff's excessive force claim against defendants Cake, Hinshaw, Moncayo, Saunders, Rhodes, Pena, Villalobos, Mayfield, Moore, Palmer, Tripp, Aguilar, Parks, Viruetta, Horton, and Curtis;

       c.      Plaintiff's Fifth Amendment <u>Miranda</u> violation claim;

       d.      Plaintiff's equal protection claim;

       e.      Plaintiff's due process claim stemming from false disciplinary charges and false reports;

       f.      Plaintiff's section 1983 claim based on defamation and verbal abuse;

       g.      Plaintiff's section 1983 conspiracy claim;

       h.      Plaintiff's retaliation claim;

       i.      Plaintiff's Fifth Amendment Takings Clause claim;

       j.      Plaintiff's First Amendment free exercise claim;

       k.      Plaintiff's claim of denial of access to the courts claim stemming from issues with the inmate appeals process;

       l.      Plaintiff's RICO claim; and

       m.      Plaintiff's state law defamation claim; and

3.      Defendants Woodford, Yates, Rhodes, Pena, Mayfield, Tripp, Viruetta, Parks, Aguilar, Moncayo, Saunders, Villalobos, Horton, Cake, Hinshaw, Curtis, Moore, Palmer, Shannon, Meadors, Dulay, and Gutierrez be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 13, 2005**            /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE