UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN, | CASE NO. 1:05-CV-00324-AWI-SMS-P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 17) |
| R. HESSELTINE, et al., | |
| Defendants. | ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT |
| | (Doc. 18) |

Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2006, plaintiff filed a motion seeking the appointment of counsel and on January 17, 2006, plaintiff filed a motion seeking an extension of time to file an amended complaint in compliance with the court's order of November 21, 2005.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the

///

1

1  likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in
2  light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).
3      In the present case, the court does not find the required exceptional circumstances. Even if
4  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
5  which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
6  similar cases almost daily. At this early stage in the proceedings, the court cannot make a
7  determination that plaintiff is likely to succeed on the merits, and based on a review of the record
8  in this case, the court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935
9  F.2d at 1017.
10     With respect to plaintiff's motion for an extension of time to file an amended complaint, the
11 court issued an order on November 21, 2005, requiring plaintiff to either file an amended complaint
12 or notify the court of his willingness to proceed on the cognizable claims in his original complaint
13 within thirty days. On December 9, 2005, plaintiff filed a notice of willingness to proceed on his
14 cognizable claims and on January 6, 2006, plaintiff submitted the summonses and USM-285 forms
15 for service of process by the Marshal. Further, plaintiff did not timely object to the dismissal without
16 prejudice of his claims that are not cognizable and the matter has been referred to the Honorable
17 Anthony W. Ishii for consideration. As such, the time within which to file an amended complaint
18 in compliance with the court's order of November 21 has passed. Therefore, plaintiff's motion shall
19 be denied.
20     Accordingly, based on the foregoing, it is HEREBY ORDERED that:
21     1.   Plaintiff's motion for the appointment of counsel, filed January 6, 2006, is DENIED;
22          and
23     2.   Plaintiff's motion for an extension of time, filed January 17, 2006, is DENIED.
24
25 IT IS SO ORDERED.
26 **Dated:   January 19, 2006**            /s/ Sandra M. Snyder
   i0d3h8                                  UNITED STATES MAGISTRATE JUDGE
27
28