# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. HESSELTINE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:05-CV-00324-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. 44) |

Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed on March 8, 2005, against defendants Clark, Del Vecchio, and Torres for use of excessive force, and against defendants Hesseltine, Harris, Redding, Corley, Deathriage,[1] and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts.[2] On June 26, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Clark, Del Vecchio, Torres, Hesseltine, Harris, Redding, Corley, and Fisher filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. (Doc. 44.) Plaintiff filed an opposition to the motion on August 1, 2006, and defendants filed a reply on August 9, 2006.[3]

---

[1] Identified as Deathradge in the complaint.

[2] All other claims and defendants set forth in the complaint were dismissed on February 15, 2006. (Doc. 20.)

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 17, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 22.)

1

1  (Docs. 45, 47.)  On August 11, 2006, defendant Deathriage filed a notice of joinder in the motion.
2  (Doc. 48.)

3       B.     Exhaustion Requirement

4       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
5  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
6  confined in any jail, prison, or other correctional facility until such administrative remedies as are
7  available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
8  applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).
9  Prisoners must complete the prison's administrative process, regardless of the relief sought by the
10 prisoner and regardless of the relief offered by the process, as long as the administrative process can
11 provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).
12 "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical
13 procedural rules . . . ." is required, Ngo v. Woodford, 126 S.Ct. 2378, 2386 (2006), and may not be
14 satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.
15 Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.
16 2002).

17      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
18 defense under which defendants have the burden of raising and proving the absence of exhaustion.
19 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial
20 administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,
21 rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l
22 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In
23 deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
24 beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court
25 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
26 dismissal without prejudice.  Id.
27 ///
28 ///

2

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Defendants move for dismissal on the grounds that plaintiff received a third-level review decision on his appeal concerning his mail and access to the courts claims on March 23, 2005, after filing suit on March 8, 2005, and that plaintiff did not file an appeal concerning his excessive force claim at the third level of review. (Motion, 5:14-19; Exhibit A, Grannis Dec., ¶¶8-10.) Plaintiff opposes defendants' motion on the grounds that pursuant to Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990), the court may not dismiss his complaint due to ignorance of technical procedural requirements, and that it would be a waste of judicial resources to require him to file a new complaint. (Doc. 45, pgs. 2-3.)

Turning first to plaintiff's mail and access to the courts claims against defendants Hesseltine, Harris, Redding, Corley, Deathriage, and Fisher, defendants have met their burden as the parties moving for dismissal. Plaintiff's citation to Balistreri for the proposition that the court must overlook his ignorance of the exhaustion requirement and deny defendants' motion is inapt. First, the exhaustion requirement set forth in section 1997e(a) is not a technical procedural requirement such as that discussed in Balistreri, which addressed the argument that a pro se litigant had waived her appeal by failing to comply with formal brief writing requirements. Balistreri, 901 F.2d at 698-99. Second, even if Balistreri had been applicable, it was decided prior to the enactment of section 1997e(a) and prior to the decision issued by the Ninth Circuit in McKinney, and would therefore not be controlling.

With respect to plaintiff's second argument, the court does not have the discretion to deny defendants' motion to dismiss and allow this action to proceed because it is in the interest of judicial

3

1 economy. Plaintiff was required to exhaust prior to filing suit and because he filed this action before
2 receiving the third level decision, the court is required to dismiss the unexhausted claims.
3 McKinney, 311 F.3d at 1199-1201.

4 However, the court finds that defendants have not met their burden as the parties moving for
5 dismissal of plaintiff's excessive force claim. Evidence that plaintiff did not file an appeal at the
6 third level of review is insufficient to demonstrate that plaintiff did not exhaust. Receipt of a third
7 level decision is not always a prerequisite to exhaustion, Brown v. Valoff, 422 F.3d 926, 940 (9th
8 Cir. 2005), and defendants have set forth no evidence that (1) plaintiff did not file an appeal at the
9 institutional level or (2) plaintiff filed an appeal at the institutional level and the response
10 necessitated pursuit of the appeal to the third level of review. Accordingly, defendants' motion to
11 dismissal plaintiff's excessive force claim must be denied because defendants failed to meet their
12 burden.

13       D.     Conclusion

14 For the foregoing reasons, the court HEREBY RECOMMENDS that:

15 1. Defendants' unenumerated Rule 12(b) motion, filed June 26, 2006, be GRANTED
16     IN AND DENIED IN PART as follows:
17     a. Defendants' motion to dismiss plaintiff's mail and access to the courts claims
18        against defendants Hesseltine, Harris, Redding, Corley, Deathriage, and
19        Fisher for failure to exhaust prior to filing suit be GRANTED and the claims
20        be dismissed, without prejudice; and
21     b. Defendants' motion to dismiss plaintiff's excessive force claim against
22        defendants Clark, Del Vecchio, and Torres for failure to exhaust be DENIED;
23        and
24 2. Defendants be granted leave to file another unenumerated Rule 12(b) motion
25     addressing plaintiff's excessive force claim.

26 These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
28 **days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 22, 2006**              <u>        /s/ Sandra M. Snyder        </u>
icido3                                                   UNITED STATES MAGISTRATE JUDGE