UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN,<br><br>            Plaintiff,<br>vs.<br><br>R. HESSELTINE, et al.,<br><br>            Defendants.<br>_____/ | 1:05-cv-00324-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PARTY AND DENYING IN PART MOTION TO DISMISS** (Docs. 44 and 49)<br><br>**ORDER GRANTING DEFENDANTS LEAVE TO FILE MOTION TO DISMISS WITHIN THIRTY DAYS** |

Plaintiff Sagi Mukatin ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 23, 2006, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days.

To date, the parties have not filed formal objections to the Magistrate Judge's Findings and Recommendations. However, on August 29, 2006, Plaintiff filed a request for the court the grant a nunc pro tunc order in the interests of judicial economy. Because this document addresses the motion to dismiss and the Findings and Recommendations, the court construes this document as objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the

1

1   Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

2   In his August 29, 2006 filing, Plaintiff requests the court allow this action to proceed. Plaintiff states that he has now exhausted all claims in this action.  Plaintiff states that if the court dismisses claims for failure to exhaust, it will be a waste of judicial resources because Plaintiff will simply file a new complaint, the court will have to screen the new complaint, and the Marshal will have to serve each Defendant again.   Plaintiff asks that the court avoid this additional burden by simply deeming this action filed on the date Plaintiff's administrative appeal was exhausted.  While Plaintiff's request may have practical implications and could arguably save the parties and the court additional work in the future, there are simply no grounds for the court to grant this request.   The court has no choice but to dismiss claims if the prisoner did not complete all administrative remedies before filing suit even if exhaustion is completed after suit was filed.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendations, filed August 23, 2006, is ADOPTED IN FULL;

2.   Defendants' motion to dismiss plaintiff's mail and access to the courts claims against defendants Hesseltine, Harris, Redding, Corley, Deathriage, and Fisher for failure to exhaust prior to filing suit is GRANTED, and the claims are DISMISSED, without prejudice;

3.   Defendants' motion to dismiss Plaintiff's excessive force claim against defendants Clark, Del Vecchio, and Torres for failure to exhaust is DENIED;

4.   Plaintiff's August 29, 2006 request is DENIED; and

5.   Defendants are GRANTED leave to file another unenumerated Rule 12(b) motion addressing plaintiff's excessive force claim within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:    December 12, 2006**                /s/ Anthony W. Ishii
0m8i78                                         UNITED STATES DISTRICT JUDGE