# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN, | CASE NO. 1:05-cv-00324-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| R. HESSELTINE, et al., | |
| Defendants. | (Doc. 52) |

I.  Findings and Recommendations Addressing Defendants' Motion to Dismiss

   A.   Procedural History

   Plaintiff Sagi Mukatin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed on March 8, 2005, against defendants Clark, Del Vecchio, and Torres ("defendants") for use of excessive force.[1] On January 19, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Clark, Del Vecchio, and Torres filed a supplemental motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. (Doc. 52.) After obtaining an extension of time, plaintiff filed an opposition to the motion on May 25, 2007, and defendants filed a reply on June 6, 2007.[2] (Docs. 58, 59.)

---

[1] Plaintiff's claims against defendants Hesseltine, Harris, Redding, Corley, Deathriage, and Fisher for interfering with plaintiff's incoming legal mail and for denial of access to the courts were dismissed for failure to exhaust on December 13, 2006. (Doc. 51.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 17, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 22.)

B.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.     Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section

1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff did not file an inmate appeal grieving his excessive force claim against them. In support of their motion, defendants submit evidence that although plaintiff filed other appeals on other issues, there is no record of an appeal concerning the excessive force claim against them. (Doc. 52, Sanchez Dec. ¶3; Adams Dec., ¶¶3, 4.)

In his opposition,[3] plaintiff argues that defendants have not met their burden because evidence that he did not file an appeal at the third level of review is insufficient to demonstrate he did not exhaust. (Doc. 58, 6:10-14.) Plaintiff contends that the declarations of Sanchez and Adams may not be taken as stating true facts because they have been parties to outside agency investigations and have questionable credibility. (Id., 4:17-21.) Plaintiff contends that just because they attested no record of any appeal could be found, the court should not take that to mean an appeal does not exist. (Id., 4:21-27.) Finally, plaintiff contends that there is pervasive abuse of the inmate appeals process by prison officials, including but not limited to the failure to follow time constraints and procedural safeguards, delays, and failure to respond. (Id., 4:7-6:24.)

Plaintiff's position that defendants did not meet their burden is incorrect. Defendants have set forth evidence that no record of any appeal filed by plaintiff concerning the claim in this action has been found.[4] This is sufficient to shift the burden to plaintiff to demonstrate that he did exhaust. Plaintiff has set forth no legitimate evidentiary objections concerning the declarations of Sanchez and Adams, and has set forth no evidence demonstrating that he did file an inmate appeal and exhaust the process. Arguments or contentions set forth in a responding brief do not constitute evidence, see Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence), and in no event do general arguments concerning the

---

[3] Plaintiff's opposition is not verified and may not be used as an opposing declaration. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

[4] Defendants' evidence was not limited to demonstrating only that no appeal was filed at the third and final level of review, known as the Director's Level.

general deficiencies in the inmate appeals process overall suffice to overcome a motion to dismiss for failure to exhaust. Finally, plaintiff's conclusory sentence that he did file an appeal grieving his claim against defendants, which is unsupported by evidence, is insufficient to defeat defendants' motion. (Id., 5:1-3.)

D.   Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed January 19, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 11, 2007**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE